UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HANNAH J. PELLEY,<br><br>               Plaintiff,<br>   v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign insurance company, and JOHN DOES and JANE DOES 1 through 10, inclusive,<br><br>               Defendants. | CASE NO. 2:20-cv-01460-LK<br><br>ORDER DENYING STIPULATED MOTION TO CONTINUE TRIAL DATE |

      This matter comes before the Court on the Parties' Second Stipulated Motion to Continue the Trial Date. Dkt. No. 14. Having reviewed the Motion and the remaining record, the Court DENIES the Motion without prejudice.

      The parties request an extension of over seven months for all case deadlines and the trial date on the theory that they need more time to complete discovery. The parties claim that more time is needed for Defendant State Farm to potentially request that Plaintiff undergo an

ORDER DENYING STIPULATED MOTION TO CONTINUE TRIAL DATE - 1

Independent Medical Examination once she has recovered from a recent surgery, and to allow for expert discovery if settlement efforts prove unsuccessful. *Id.* at 2.

To obtain an amendment to a scheduling order, the movant must demonstrate good cause. Fed. R. Civ. P. 16(b)(4); LCR 16(b)(6). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (quoting Fed. R. Civ. P. 16 Adv. Comm. Notes (1983 amendment)). "Mere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance." LCR 16(b)(6).

On the record before it, the Court does not find good cause to continue the trial date and amend the case schedule. The Parties have not explained why they need extra time for expert discovery or why it will take over half a year to complete an Independent Medical Examination (if Defendant decides to request it). Thus, it remains unclear why all the case deadlines and the trial date would necessarily be impacted by these tasks, particularly where the discovery deadline does not expire until March 21, 2022. Nor does the Parties' desire to engage in settlement discussions serve as good cause to extend the case deadlines by over seven months.

The Court DENIES the Motion but will consider a renewed motion that adequately responds to the issues identified in this Order.

Dated this 15th day of February, 2022.

Lauren King
United States District Judge

ORDER DENYING STIPULATED MOTION TO CONTINUE TRIAL DATE - 2